IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TROY PEEBLES; CRAIG E. WHITE; )
BRYAN KLOUTSE; MELVIN )
MOTLEY, JR.; LEON FELDER; CECIL )
PAYNE; TONIA HOLFORD; TERRY ) No. 3-04-0754
HARDEN; GREGORY MILLER; )
GERALD DAVIS, SR.; COURTNEY )
THOMPSON, SR.; and BENJAMIN )
ROBINSON, JR., individually and on )
behalf of all others similarly situated )
)
v. )
)
A. SCHULMAN INC. )

O R D E R

On May 23, 2005, the parties filed a stipulated dismissal of the claims of Tonia Holford (Docket Entry No. 40). On April 21, 2005, the parties filed a stipulated dismissal of the claims of Terry Harden, Gregory Miller, Gerald Davis, Melvin Motley, Cecil Payne, Bryan Kloutse, and Craig White (Docket Entry No. 34).

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, no further action on the part of the Court is required. Therefore, the claims of Tonia Holford, Terry Harden, Gregory Miller, Gerald Davis, Melvin Motley, Cecil Payne, Bryan Kloutse, and Craig White are hereby DISMISSED with prejudice, and the Clerk is directed to terminate those plaintiffs in this action.

The claims of Troy Peebles, Courtney Thompson, Sr., Benjamin Robinson, Jr., and Leon Felder (proceeding pro se) remain.

As a result of the stipulated dismissal of Tonia Holford, the following motions are rendered MOOT and the Clerk is directed to terminate them as pending:

1. The defendant's motion to dismiss the complaint of Tonia Holford (Docket Entry No. 30);

2. The plaintiffs' motion to extend deadline for filing a response to the above motion to dismiss (Docket Entry No. 33); and

3. The motion of plaintiffs' counsel to withdraw from representing Tonia Holford (Docket Entry No. 35).

The defendant's motion to compel discovery from plaintiff Leon Felder (Docket Entry No. 22) is GRANTED. Mr. Felder shall respond to the outstanding interrogatories and requests for production of documents by July 18, 2005.

No response has been filed in opposition to the motion. By order entered April 5, 2005 (Docket Entry No. 26), plaintiffs' counsel was allowed to withdraw as counsel for plaintiff Felder. The Court also ordered that Mr. Felder retain substitute counsel or notify the Court within 30 days that he intends to proceed pro se. Mr. Felder has failed to comply with that order.[1]

Also pending before the Court are the defendant's motions to dismiss the complaint of Courtney Thompson (Docket Entry No. 38) and the motion to dismiss the complaint of plaintiff Leon Felder (Docket Entry No. 27), to which no responses in opposition have been filed.

By order entered November 4, 2004 (Docket Entry No. 14), the deadline for filing any motion for class certification was May 31, 2005. No motion for class certification has been filed.

---

[1] A copy of the April 5, 2005, order was mailed to Mr. Felder by certified mail, which was returned by the Post Office as "unclaimed." See Docket Entry No. 36.

A case management conference is scheduled on **Thursday, July 7, 2005, at 9:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN, to address the remaining scheduling in this case, including scheduling the case for trial.[2]

The Clerk is directed to forward the file in this case to Chief Judge Echols for his consideration of the defendant's unopposed motion to dismiss the complaint of Leon Felder and accompanying filings (Docket Entry Nos. 27-29), and the defendant's unopposed motion to dismiss the complaint of plaintiff Courtney Thompson and accompanying memorandum (Docket Entry Nos. 38-39).

The Clerk is directed to mail a copy of this order to plaintiff Leon Felder at 1402 Janie Avenue, Nashville, TN 37216, by regular, first class mail and by certified mail.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[2] In consultation with the Honorable Robert L. Echols, Chief Judge, this case was not scheduled for trial at the initial case management conference because, inter alia, of the number of plaintiffs, the plaintiffs' expressed intent at that time to move for class certification, and the fact that it appeared at that time that it would be appropriate to segment the case and to resolve the issue of class certification before scheduling a trial date. However, it now appears that it is appropriate to schedule a trial date.

3